UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
LATOSKI JOHNSON,                        )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )   Civil Action No. 11-0270 (EGS)
                                        )
LISA P. JACKSON,                        )
                                        )
          Defendant.                    )
_____)


MEMORANDUM

Pending before the Court is defendant's motion to dismiss in part and for summary

judgment in part filed on May 18, 2011.   By Order of May 19, 2011, plaintiff was advised about

her obligation to respond to defendant's dispositive motion and the consequences if she did not

respond by the deadline of June 29, 2011.  [Dkt. No. 9].   By minute orders of June 30, 2011, and

September 16, 2011, the Court granted plaintiff's motion for a 60-day enlargement of time to file

her response, the latter of which set a deadline of November 16, 2011.   Each order reminded

plaintiff that her failure to file a timely response could result in dismissal of the case on what

would be treated as a conceded motion.   Yet, plaintiff has neither filed her response nor sought

additional time to do so.

Accordingly, the Court will grant defendant's dispositive motion as conceded.  *See In re*

*Miller*, No. 03-7146, 2004 WL 963819, at *1 (D.C. Cir. May 4, 2004) (In managing its docket

under the circumstances presented, "the court may choose to . . . resolve the motion for summary

judgment on the merits without an opposition . . .  or [] treat summary judgment as conceded.");

*FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir.1997) (finding no abuse of discretion in Court's

enforcement of local rule by "treat[ing] the FDIC's motion for summary judgment as conceded");

2

*Cromartie v. District of Columbia*, 729 F. Supp. 2d 281, 285 (D.D.C.  2010) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the [local] rule.") (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997)).  Because defendant has not delineated the defenses upon which she is seeking partial summary judgment, *see* Fed. R. Civ. P. 56(a), the Court will grant only the motion to dismiss.


DATE: December 13, 2011                SIGNED:    EMMET G. SULLIVAN
                                       UNITED STATES DISTRICT JUDGE